VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-264



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2023

Aaron A. Jacobs v. Adrasteia K. Andrews\*    }    APPEALED FROM:
　　　　　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　　　　}    Superior Court, Windham Unit,
　　　　　　　　　　　　　　　　　　　　　}    Family Division
　　　　　　　　　　　　　　　　　　　　　}    CASE NO. 97-4-15 Wmdm
　　　　　　　　　　　　　　　　　　　　　}    Trial Judge: Elizabeth D. Mann

In the above-entitled cause, the Clerk will enter:

Mother appeals from the family division's order denying her motions to modify the existing order regarding parental rights and responsibilities (PRR) and parent-child contact (PCC) as to the parties' minor children, and granting in part her motions to enforce certain provisions of that order.  We affirm.

In spring and summer of 2022, mother filed a series of motions seeking to modify the existing order governing PRR and PCC and to enforce certain provisions of that order.  The court held a contested hearing in September 2022, where both parties appeared and presented testimony.  Mother's father and her counselor also testified on her behalf.  On the day following the hearing, the court issued a written order denying mother's motions to modify but granting in part her enforcement requests.  The court found that mother had not demonstrated a real, substantial, and unanticipated change of circumstances to warrant revisiting the order regarding PRR and PCC.

On appeal, mother raises no discernible claim of error by the trial court.  Mother bears the burden "to demonstrate how the lower court erred warranting reversal" and this Court "will not comb the record searching for error."  In re S.B.L., 150 Vt. 294, 297 (1988); see also V.R.A.P. 28(a) (appellant's brief shall contain concise statement of case and specific claims of error, contentions of appellant, and citations to authorities, statutes and parts of record relied on).  Beyond alleging that her children are in danger and should be reunited with her, mother does not make any cogent legal argument or identify any possible error made by the family division in denying her motion to modify PRR and PCC.  "Even with the wider leeway afforded to pro se litigants, [mother's] argument[s] do[ ] not meet the minimum standards required by Vermont Rule of Appellate Procedure 28(a)(4)," so we cannot consider them.  Pcolar v. Casella Waste

Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (quotation and citation omitted).  Accordingly, we affirm the family division's decision.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice